1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

9

10

ZERO TOLERANCE
ENTERTAINMENT INC., a California
corporation.

CASE NO. _____

11

Plaintiff,

12

vs.

**COMPLAINT FOR DAMAGES
AND JURY DEMAND**

13

14

HENRY GOSS, individually and d/b/a
myjizztube.com; MYJIZZTUBE.COM,
and John Does 1-50,

15

Defendants.

16

17

18

Plaintiff, Zero Tolerance Entertainment Incorporated, (hereinafter referred to as "Plaintiff")

19

by and through its counsel, file this complaint against Defendants Henry Goss, individually and dba

20

myjizztube.com, Myjizztube.com, and the Doe Defendants (collectively hereinafter referred to as

21

"Defendant" or "Defendants").

22

**JURISDICTION AND VENUE**

23

24

1.      Plaintiff is a corporation organized under the laws of the State of California,

25

headquartered at 20525 Nordhoff Street, Suite 4, Chatsworth, CA 91311.

26

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   - 1

2.      Upon information and belief, Defendant Henry Goss owns and operates myjizztube.com, and resides in Seattle, Washington.

3.      Defendant Myjizztube.com is an Internet website that displays and distributes adult oriented videos, content, and services.

4.      The Myjizztube.com domain name is held by Defendant Henry Goss using registrar GoDaddy.com, LLC.

5.      Upon information and belief, MyJizzTube.com is registered through its ICANN Registrar to an address in Seattle, Washington.

6.      Upon information and belief, the infringed copyrighted material claimed herein to be displayed on myjizztube.com are located, served through and/or maintained on a server owned by AllHostShop, located at 2001 6th Ave, Suite 3020, Seattle, Washington 98121.

7.      The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

8.      Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

9.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

10.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

11.     This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   - 2

**PARTIES**

12.     The named Plaintiff is the rightful copyright and intellectual property owner of the respective United States copyrights and intellectual property that is the basis for this action.

13.     Plaintiff produces and distributes legal, high quality, adult motion pictures. Plaintiff's successes are due in part to commitment to creative and very high quality video, professional and ethical production methods, exemplary customer service and successful business models.

14.     Plaintiff employs over 35 people, with the majority of those being technical and high tech positions.

15.     Plaintiff's popularity has made its brands one of the most easily recognized in the adult industry and global leaders in legal adult films. Plaintiffs highly sought after intellectual property is distributed on a wide range of platforms around the globe, including satellite TV, pay-per-view, and internet and mobile devices.  As part of a pattern of sound business practices, Plaintiffs have protected trade names such as Zero Tolerance through United States trademark and service mark registrations and protected its videos through United States copyright registrations.

16.     Plaintiff is the respective producer, distributor, and exclusive licensor of its own motion pictures in the United States.  Plaintiff is engaged in the business of producing, distributing, and/or licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted motion pictures and/or other audio visual works.  Plaintiff expends significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products.

17.     Plaintiff, either directly or through its affiliates or licensees, distribute its copyrighted works in various forms, without limitation, over satellite television, through the Internet, pay-per-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   - 3

view, video on demand, download, digital video discs (DVD's), and other formats, by selling them directly or indirectly to the home viewing market or licensing others to do so.

18.     Plaintiff has registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Plaintiff has taken industry standard steps to identify its products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played.  Plaintiff's videos are watermarked with Plaintiff's readily identifiable logo.

19.     Plaintiff has produced, published and catalogued in excess of 1,000 adults-only or adult-oriented audio-visual works and holds over 1,000 United States copyrights for its works.

20.     Plaintiff has won over a dozen Adult Video News (AVN) Awards and has won awards every year since 2005.  The AVN Awards, referred to by The Hollywood Reporter as the "Oscars of porn," are the most popular adult video awards and are broadcast on pay per view each year from the Las Vegas ceremony location.

21.     Upon information and belief, Defendants conduct business as Myjizztube.com, operate the website, and derive direct financial benefit through the membership program as users are lead to believe that joining will permit download of the illegally displayed video.

22.     Further, upon information and belief, Defendants directly financially benefit collectively or individually, from advertising sales spaces on myjizztube.com.

23.     Defendants compete against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution and divert potential customers from Plaintiff.

24.     Defendant Myjizztube.com does not list a designated DMCA agent and had not registered as a service provider.

25.     Myjizztube.com does not provide a compliant DMCA link on its website.

26.     Does 1-50 are individual or entities who act in concert with Goss and Myjizztube.com.  The true names and capacities of which are presently unknown to Plaintiff. It is for that reason Plaintiff sue these Defendants by fictitious names. Plaintiff avers that each of the Doe defendants, along with the named defendant, jointly or severally, is responsible for the damages alleged herein.

### STATEMENT OF FACTS

27.     Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users.  As a primary example, the safe harbor protections provide YouTube.com with protection from liability should one of its users post a copyright protected video without authority or license.

28.     The DMCA safe harbor provisions have been systematically abused by internet copyright infringers to garner protection for pirate websites displaying copyrighted adult entertainment content without license or authority for free viewing to the public.  While claiming that these thousands of illegal videos are altruistically posted by third party users, the owners and operators attempt to hide behind the safe harbor provisions while monetizing the website through substantial advertising contracts.

29.     Myjizztube.com is such a pirate website, displaying copyrighted adult entertainment content without authorization or license.

30.     Myjizztube.com fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.

31.     Defendants operate the website myjizztube.com, which can be accessed throughout the United States as well as globally.  Defendants, and others acting in concert, upload infringing

copyrighted works to its servers. While Defendants allow individuals to upload and view items without paying a membership fee, Defendants' web site is constructed to intentionally limit the usefulness of the site for non-paying members.

32. Myjizztube.com offers users toolbar software for their computer.

33. Based on information and belief, Myjizztube.com purchases end user traffic from various sources, to generate revenue for their website.

34. On myjizztube.com, a user may watch portions and/or scenes of copyrighted adult entertainment films or videos for free.

35. Under the videos displayed on myjizztube.com for free viewing, Defendants present a banner that states "HD Available Now Available for free!" and a "Download" button along with a description of the video, category and other defining items. If the user clicks the blue "download" button, or the HD button, the user is taken to premium.myjizztube.com and prompted to join with a credit card.

36. If a user wishes to download a movie, the user is offered a Myjizztube membership plan, which provides the user full access to all of myjizztube videos, purported to be in excess of 14,000 videos. The user pays a monthly fee for membership, in an amount dependent upon the length of commitment.

37. The user is lead to believe that the full-length videos of the scenes shown free will be available for full viewing and download and/or in high definition upon membership.

38. The user is enticed to purchasing a membership based upon the quality of videos available for free viewing.

39. Defendants sell advertising on myjizztube.com in several forms, including advertising banners on space in close proximity to free videos, geocentric pop-ups over the free

videos, and traffic plugs, which "stay on the site forever" with the "Tip: Plus with good titles and descriptions and high quality thumbnails get way more hits!"  In the only "rule" to their Plugs, it states that, "Videos must be above the fold, no fake players, no incest titles, no rape titles, no blood in images, no bestiality titles, no underage looking thumbnails or titles – if we find you plugging anything of the such, **we will delete the plug** and not give a refund."

40.     Videos on myjizzztube.com may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Addthis or via to Email to anyone regardless of age or location.  Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

41.     Myjizzztube.com is not registered as an Internet Service Provider with the United States Copyright Office.

42.     Myjizztube.com does not have a registered DMCA Agent on its site.

43.     Myjizztube.com does not have a DMCA Agent registered with the United States Copyright Office.

44.     The illegitimacy of Myjizztube.com is further illustrated by the Terms of Service presented on the web site.  The Terms of Service presented by Defendants fails to reference or mention myjizztube.com, but rather references other websites including Porno.com, sextube.com, sexvideos.com, and pornmovies.com.  It appears that the Defendants have merely copied terms of service from other sites in an attempt to brush myjizztube.com with a veneer of legitimacy.

45.     In or about July 2012, and for an unknown time before and up to the present, Defendants' website myjizztube.com displayed over five (5) minutes of Plaintiffs copyrighted video Backdoor Entry, Copyright Registration Number PA0001745166.  The video, viewed more than

1,690 times, is display on myjizztube.com at URL http://www.myjizztube.com/videos/aletta-ocean-has-the-prettiest-cum-covered-tongue-44655.html.  Defendants have no authority or license to display any portion of Plaintiffs' copyrighted work.

46.     In or about July 2012, and for an unknown time before and up to the present, Defendants' website myjizztube.com displayed over sixteen (16) minutes of Plaintiffs' copyrighted video Chestnuts, Copyright Registration Number PA0001698341.  The video, viewed more than 2,530 times, is display on myjizztube.com at URL http://www.myjizztube.com/videos/courtney-cummz-and-mick-blue-sportsex-42796.html.  Defendants have no authority or license to display any portion of Plaintiffs' copyrighted work.

47.     In or about July 2012, and for an unknown time before and up to the present, Defendants' website myjizztube.com displayed approximately fourteen (14) minutes of Plaintiffs' copyrighted video Interactive Sex with Jenna Haze, Copyright Registration Number PA0001373722.  The video, viewed more than 2,720 times, is display on myjizztube.com at URL http://www.myjizztube.com/videos/alektra-blue-and-jenna-haze-dyke-out-with-dildos--42497.html. Defendants have no authority or license to display any portion of Plaintiffs' copyrighted work.

48.     Plaintiffs attempted twice to send a takedown request via a contact form, as directed by Defendants on myjizztube.com.  On the first request, on the form, Plaintiffs informed Defendants that Plaintiffs' videos were copyrighted, being illegally displayed on myjizztube.com, and takedown was requested.  The first attempt resulted in a confirmation that the notice was received.  Thereafter, there was no action taken by Defendants and the videos remained displayed. On the second request, the submission of the form resulted in Plaintiffs being directed to a 404 page, indicating that the page was inaccessible.

49.     Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles or else is willfully blind to the rampant infringement. The infringement is clear and obvious even to the most naïve observer. Plaintiff's films are indexed, displayed and distributed on Defendant website through Defendant and the Doe Defendants acting in concert. Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

50.     There is no location on Myjizztube.com web pages that provides for who, if anyone other than the site operator placed Plaintiffs videos on their website. Any mention by Defendant to the contrary would be disingenuous based on the very nature that the Terms of Service and purported DMCA pages make NO REFERENCE to Myjizztube.com or its owner.

51.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

52.     Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the copyrighted works. Defendants disregard for copyright trademark laws threaten Plaintiff's business.

53.     Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

54.     Defendants make no attempt to identify any individual providing the works, where the individual obtained the works, whether the individuals had authority to further reproduce and distribute the works or if such parties even exist.

55.     Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

**FIRST CAUSE OF ACTION**
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***
**Against All Defendants**

56.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

57.     Plaintiff holds the copyright on each of the infringed works alleged herein.

58.     Plaintiff registered each copyright with the United States Patent and Copyright Offices.

59.     At all pertinent times, Plaintiff is the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants.

60.     Defendants copied, reproduced, reformatted, and distributed Plaintiffs copyrighted works by and through servers and/or hardware owned, operated and/or controlled by Defendants.

61.     Defendants did not have authority or license to copy and/or display Plaintiffs original works.

62.     Defendants infringed Plaintiff's copyrighted works by reproducing and distributing works through Defendants' website without property approval, authorization, or license of Plaintiff.

63.     Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on myjizztube.com and further knew or should have known their acts constituted copyright infringement.

64.     Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them.  Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

65.     Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

66.     The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue.

67.     Defendants actively encouraged users to upload pirated copyrighted files.

68.     Based on information and belief, Defendants actively uploaded pirated copyrighted files.

69.     Defendants controlled the files removed from Defendants' website and determined which files remained.

70.     Defendants never adopted procedures to ensure that distribution of Zero Tolerance's copyrighted materials would not occur. Further, Defendants never established, implemented, or enforced a "repeat infringer" policy.

71.     Defendants were aware, either actually or constructively, should have been aware, or was willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants website.

72.     Defendants, through myjizztube.com, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

73.     Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff Liberty's registered copyrights.

74.     Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

75.     The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

76.     Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

77.     The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

### SECOND CAUSE OF ACTION
### Contributory Copyright Infringement
### Against All Defendants

78.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

79.     Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

80.     Defendants contributed to the infringing acts of those individuals.

81.     Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

82.     Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' website without regard to copyright ownership.

83.     Defendants had the ability and obligation to control and stop the infringements. Defendants failed to do so.

84.      Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

85.     Defendants received direct financial benefits from the infringements.

86.     On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

87.     The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

88.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

1    89.    As a direct and proximate result of the infringements by Defendants of Plaintiff's

2  copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is

3  entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

4    90.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17

5  U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other

6  amounts as may be proper under 17 U.S.C. § 504(c ).

7    91.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C.

8  § 505.

9

10

11

12    **THIRD CAUSE OF ACTION**
    **Vicarious Copyright Infringement**
    **Against All Defendants**

13    92.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding

14  allegation set forth herein.

15    93.    Without authorization, individuals reproduced, distributed, and publicly displayed

16  Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

17    94.    Defendants were actually or constructively aware or should have been aware or were

18  willfully blind to the infringing activity.

19    95.    Defendants were able to control or completely end the illegal and improper

20  infringement, but failed to do so.

21    96.    Defendants contributed materially to the infringement.

22    97.    Defendants received directly financial gain and profit from those infringing

23  activities.

24

25    98.    The acts, omissions, and conduct of all Defendants constitute vicarious copyright

26  infringement.

99.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

100.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

101.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT IV
### Inducement of Copyright Infringement
### Against All Defendants

102.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

103.    Defendants designed and distributed technology and devices and induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendants' website.

104.    On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

105.    Defendants' actions constitute inducing copyright infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

106.    The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

107.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

108.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiffs are entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

109.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

110.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**FIFTH CAUSE OF ACTION**
**Unfair Competition**
**Against All Defendants**

111.    Plaintiffs repeat, re-allege, and incorporate by reference each and every preceding allegation set forth herein.

112.    Without authorization or license, Defendants commercially exploit erotic motion pictures.  Through these works, which establishes Defendants as content providers for adult videos of every type and quality, as well as the use of the names of the persons depicted, Defendants are

unlawfully exploiting the publicity rights of Plaintiff. Defendants also sell, without authorization, in competition with Plaintiff, extensive amount in stolen videos causing pecuniary damage to Plaintiff.

113.    Defendants further engage in unfair business practice by commercially exploiting, through the members program, Plaintiff's rights.

114.    In connection with its members rewards program, Defendants foster and encourage download links offering Plaintiff's copyrighted works for a fee.

115.    Defendants' acts and practices alleged herein constitute unfair, unlawful, and fraudulent business acts and practices.

116.    Defendants engaged in unfair business acts and practices in that the harm caused by its conduct outweighs any potential utility of said conduct and said conduct offends the notions of public policy, is unscrupulous, unethical, and deceitful, and cause s substantial injury to Plaintiff and other entities.

117.    These acts are causing direct injury to Plaintiff's business.  Plaintiffs has suffered injury in fact and have suffered pecuniary harm in the form of lost profits and property as a result of such unfair competition.

## PRAYER FOR RELIEF

A.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to www.myjizztube.com.

(2)     Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to www.myjizztube.com.

and

(5)     Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B.      That Defendants be ordered to transfer the domain www.myjizztube.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.myjizztube.com, and the content therein to Plaintiff.

C.      That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.      That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.      That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff's trade dress and terms;

F.      That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.      That Plaintiff be awarded enhanced damages and attorney's fees;

H.      That Plaintiff be awarded pre-judgment and post-judgment interest;

I.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, Zero Tolerance Entertainment Incorporated, hereby respectfully demands a jury trial on all issues so triable.

DATED:  January 22, 2014                          Respectfully submitted,


                                    By:

                                          */s/ Spencer D. Freeman*

                                          Spencer D. Freeman, Attorney at Law
                                          Freeman Law Firm, Inc.
                                          Attorney for Plaintiff
                                          1107 ½ Tacoma Avenue South
                                          Tacoma, WA 98402
                                          Telephone:  253-383-4500
                                          FAX:  253-383-4501
                                          E-mail sfreeman@freemanlawfirm.org

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   - 19